UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

J. W. and C.W.,
Individually and as Parents
and Next Friends
of K.W., A Minor,

        Plaintiffs,

v.

METROPOLITAN SCHOOL DISTRICT
OF WARREN COUNTY and WABASH
RIVER  SPECIAL SERVICES
COOPERATIVE,

        Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT AND ATTORNEY FEES**

Plaintiffs, by counsel and for their Complaint against Defendants, allege:

### I.    PRELIMINARY STATEMENT/INTRODUCTION

1.    This is a case about a disabled child, K.W., an 8 year old who suffers from autism and other disabilities. Because of his disabilities, K.W. has behavioral problems and significant learning needs. Despite 37 significant behavioral incidents of physical aggression and property damage during the 2017-2018 academic year, many resulting in out of school suspensions and one even resulting in a police report for battery, Defendants (collectively "the School") made no changes to K.W.'s behavior plan. The same is true for the fall of the 2018-2019 school year, during which K.W. had 9 significant incidents. The School made no effort to

involve an experienced behavioral expert to help devise an effective behavior plan for K.W. Consequently, K.W. was placed on a shortened day schedule by the School and did not have the same access to educational opportunities as his non-disabled peers.

2.  K.W.'s parents had to hire attorneys to obtain for him the free appropriate public education to which he is legally entitled pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq., Chapter 300 of the Code of Federal Regulations and Indiana's Article 7. Despite extensive efforts to settle with Defendants, Plaintiffs had to proceed to a special education hearing before an Indiana Department of Education hearing officer (IHO). After sitting through eight days of hearing, reviewing over 2200 pages of transcript, multiple pages of exhibits and listening to numerous witnesses, the IHO found:

> The totality of the errors the School made clearly shows the School failed to provide this Student a free appropriate public education. Moreover, the School's aggressive attempt to force the student's parents to pay for property damage is nothing less than astonishing. It is incomprehensible the School failed to acknowledge or recognize that the destruction of property the Student caused during his many aggressive outbursts was so clearly a manifestation of his disability and rips at one of the fundamental cornerstones of providing students with disabilities a free appropriate public education.

The IHO concluded that Plaintiffs prevailed on the primary issue – a denial of a a free appropriate public education. The IHO ordered the School to revise K.W.'s program so moving forward he will have a free appropriate program of education. Having prevailed before the IDOE hearing officer, and unable to convince the School to settle even after they prevailed, Plaintiffs now file this lawsuit to recover more than $200,000.00 in attorneys' fees[1], recoverable costs and pre-judgment and post-judgment interest.

**II.   PARTIES**

---

[1] This amount continues to increase and Plaintiffs reserve the right to claim additional attorney fees.

2

3. K.W. is a child with a disability as defined in 20 U.S.C. § 140(3)(A) and 34 CFR § 300.8. Specifically, K.W. suffers from Attention Deficit Hyperactivity Disorder (ADHD), Oppositional Defiant Disorder (ODD), Bipolar Disorder, Sensory Integration Disorder and is suspected as having Autism Spectrum Disorder (ASD). At all relevant times he was and is eligible to receive special education and related services from Defendant Metropolitan School District of Warren County. Plaintiffs are residents of Warren County, Indiana. They are the biological parents of K.W., a minor, and bring this action in their individual capacity and as parents and next friends of K.W..

4. Defendant Metropolitan School District of Warren County ("the District") is an Indiana public school corporation in Williamsport, Indiana and maintains its principal office in Warren County, Indiana. Defendant Wabash River Special Services Cooperative provides certain services, staff and funds to member school corporations, including the District. Its principal office is located in Fountain County, Indiana. Unless otherwise stated, Defendants will be referred to collectively herein as the School or District. The District is a local educational agency that receives federal funding pursuant to and therefore is required to comply with the Individuals with Disabilities Education Act, and Indiana's Article 7 and all regulations of same.

### III.  VENUE

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the District maintains principal offices within this judicial district.

### IV.  JURISDICTION

6. This action is brought pursuant to 20 U.S.C. § 1415(i)(3)(B) of the Individuals with Disabilities Education Act ("IDEA"), 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 because Plaintiffs are the prevailing parties in an underlying state administrative proceeding and as such are entitled to an

award of reasonable attorneys' fees and costs incurred in connection with those administrative proceedings. Specifically, Plaintiffs seek (a) a declaratory judgment declaring them parents of a child with a disability who are "prevailing parties" under IDEA, and (b) an award of reasonable attorney fees and costs incurred in successfully prosecuting a special education due process case against the District, as well as reasonable attorney fees and costs incurred prosecuting this action. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under 20 U.S.C. § 1415(i)(3). To the extent Plaintiffs have pendent claims arising under state law, Indiana's Administrative Rules (specifically IAC 7-45-11) permit a prevailing party to bring an action for attorney fees in state or federal court. Therefore, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## V.

## THE UNDERLYING DUE PROCESS PROCEEDINGS

7. Pursuant to 511 IAC 7-45-3 and IDEA, on or about November 27, 2018, Plaintiffs filed a Request for Due Process Hearing ("Due Process") with the Indiana Department of Education ("IDOE"). A redacted copy of the Due Process is attached hereto and incorporated by reference herein as Exhibit A.

8. In their Due Process, Plaintiffs alleged numerous deficiencies in the Individualized Education Programs (IEPs) developed by the District for K.W. They also alleged that the District committed various procedural and substantive violations of IDEA, which violations denied K.W. a free appropriate public education (FAPE). The Defendants denied each and every allegation in Plaintiffs' Due Process .

9. IDOE assigned the Due Process Hearing Number HR-033-2019 and appointed an Independent Hearing Officer (IHO) to preside over the Due Process. Settlement efforts were made but failed.

10. By order dated December 12, 2018, the IHO framed the issues for the Due Process hearing. A true and accurate copy of her *Statement of Issues* is attached hereto as Exhibit B.

11. A Due Process hearing was convened February 4-8 and February 26 through March 1, 2019.

12. Numerous witnesses were sworn and Plaintiffs and the Defendants presented evidence and argument. Both were allowed to submit post-hearing briefs for the IHO's consideration in rendering a decision on the issues which were litigated.

13. Following the hearing, the IHO took the matter under advisement. On March 30, 2019, the IHO issued her *Due Process Hearing Decision* ("Order"). A true and accurate copy of the Order is attached hereto and incorporated herein by reference as Exhibit C.

14. Based upon the evidence presented at the Due Process hearing, the IHO found that: the District did not devise appropriate IEPs for K.W. which were reasonably calculated to provide him meaningful educational benefit; the District did not ensure the availability of placement options in K.W.'s least restrictive environment (LRE); the District did not appropriately determine K.W.'s LRE; the District did not provide K.W. with appropriate special education and related services; the District failed to conduct an appropriate functional behavior assessment (FBA) of K.W.; the District failed to devise and implement an appropriate behavior intervention plan (BIP)for K.W.; the District failed to properly monitor K.W.'s goals and provide Plaintiffs with progress reports; the District's refusal to consider providing K.W. with a 1:1 aide

denied Plaintiffs the opportunity to participate meaningfully in case conferences; and that the District's FBA and occupational therapy (OT) evaluation of K.W. were not conducted properly.

15. Based on these findings, the IHO concluded that the District denied K.W. a free appropriate public education (FAPE) and that the District had also denied K.W. FAPE by assessing Plaintiffs monetary charges for property damage caused by K.W.

16. As a result of these violations, the IHO ordered the District to: convene a case conference committee within 30 days; pay for K.W.'s healthcare provider to participate in the case conference; provide K.W. with related services in the form of consultation by the school nurse; have the school nurse attend all of K.W.'s case conference committee meetings; ensure that the school nurse communicate directly with K.W.'s healthcare provider regarding his behaviors and medications; utilizing a qualified behavioral consultant, provide training for all school personnel involved with K.W. on conducting an FBA and developing, implementing and monitoring a BIP; train all of the District's personnel (including administrators) who work with special education students on writing behavior goals and collecting behavioral data; utilize a qualified behavioral consultant to train school staff on the implementation of K.W.'s BIP, collection of behavioral data and incorporating those data into K.W.'s IEP; write new behavioral goals for K.W.; and utilize a qualified third party behavior specialist to review K.W.'s records as well as the IHO's Order and participate in K.W.'s case conference to assist with determining an appropriate placement for K.W.

17. A comparison of the Due Process, the IHO's *Statement of Issues* and her Order reveals that she ruled in Plaintiffs' favor on all, or substantially all, of the issues which were litigated in the hearing.

18.     Plaintiffs made numerous good faith attempts to compromise and settle this matter prior to, during and after the Due Process hearing—all of which were rejected by Defendants.

19.     In addition to the multiple proposals Plaintiffs made before and during the Due Process in a good faith effort to resolve this matter, on or about April 12, 2019, Plaintiffs sent defense counsel a letter with a settlement demand which Plaintiffs offered to discount if the demand were accepted by close of business Friday, April 19, 2019. Defendants responded with a counteroffer. Plaintiffs reiterated their willingness to continue settlement negotiations (despite filing this lawsuit) in order to comply with the short statute of limitations in which to file this claim (as short as 30 days from the IHO's decision). *Powers* v. *Indiana Department of Education*, 61 F.3d 552 (7th Cir. 1995).

## VI.     EFFORTS TO SETTLE

Plaintiffs engaged in an earnest, good faith and ongoing effort to settle this matter. They sent numerous settlement proposals to Defendants—all of which were either rejected or ignored. Plaintiffs sent Defendants their first written settlement proposal January 15, 2019: "Before each of our clients incurs substantial attorney fees and expenses preparing for the hearing, we wanted to explore the possibility of an amicable compromise which…eliminates the delay, risks and costs of a hearing…and avoid both sides incurring additional attorney fees…." Over the subsequent weeks, the parties exchanged written correspondence regarding settlement in emails and letters on January 25, 28, 30 and 31.

Early on during the hearing, Plaintiffs' counsel told defense counsel that they were willing to take a recess for the purpose of having a settlement conference. Plaintiffs were willing to utilize one of the hearing days to hold settlement discussions, but Defendants were unwilling

7

to do so. On February 6, 2019 at 10:29 a.m., one of Plaintiffs' attorneys sent one of Defendants' attorneys an email saying, "We're open to discussing settlement today if your client is" and providing her with his cell phone number. She never responded. When Plaintiffs' counsel orally proposed having a settlement conference that day, defense counsel refused. Plaintiffs' counsel asked defense counsel to send them a draft settlement proposal in Word so Plaintiffs' counsel could provide their feedback. Once again, defense counsel refused, so counsel for Plaintiffs followed up with an email: "This email confirms our understanding that your client is unwilling to meet in a settlement conference today despite our request to do so and that you have represented they do not want to meet with us in settlement negotiations today."

On February 17, 2019, counsel for Plaintiffs sent defense counsel another letter in an attempt to resolve the case. On February 22, 2019, Plaintiffs sent defense counsel a Rule 68 Offer of Judgment with another letter which closed with "We submit this in a final effort to make it clear to you that we are most desirous of settlement." That same day, Plaintiffs' counsel sent defense counsel copies of their invoices for the attorney fees incurred by Plaintiffs up to that point.

On February 26, 2019, counsel for Plaintiffs again approached defense counsel about settlement. Defense counsel told her that it would be cheaper for her clients to go through hearing because their attorney fees would be paid by insurance. After the hearing concluded and the IHO issued her Order, Plaintiffs' counsel sent defense counsel a letter dated April 12, 2019 offering to discount their attorney fees if the matter were resolved by close of business on April 19. Defense counsel requested a few more days to consider the offer—then rejected it. Despite multiple settlement proposals, offers and overtures by Plaintiffs, Defendants repeatedly and

consistently rejected each and every good faith attempt Plaintiffs made to resolve this matter amicably.

### VII.  IDEA CLAIM FOR ATTORNEY FEES AND RECOVERABLE COSTS

20.  The IDEA permits parents to recover attorneys' fees and certain costs. 20 U.S.C. §1415(i)(3).

21.  Plaintiffs retained the law firm of Hollingsworth and Zivitz, including attorney Catherine Michael, to represent them in the Due Process. Ms. Michael practices primarily in the area of education law. An affidavit summarizing her experience and hourly rate is attached hereto as Exhibit D. A true and accurate copy of her invoice for professional services is attached as Exhibit D-1.

22.  Ms. Michael served as lead counsel for Plaintiffs in the Due Process. Because of the complexity of the issues presented, the numerous witnesses involved, the volume of documents and the unreasonable behavior of opposing counsel, Ms. Michael enlisted her partner, Sonja Kerr of her office and another education attorney, Thomas Blessing, to serve as co-counsel. Mr. Blessing's affidavit is attached hereto as Exhibit E and a true and accurate copy of his invoice is attached as Exhibit E-1. Ms. Kerr's affidavit is attached hereto as Exhibit F and her time and charges for professional services are reflected in Ms. Michael's invoice (Exhibit D-1) since they are both employed with the same firm.

23.  As of the date this action is filed, Plaintiffs have incurred attorney fees of approximately $200,000 prosecuting the Due Process and this action. (See Exhibits D-1 and E-1)

24.  Since this matter is still pending, the amount of Plaintiffs' attorney fees continues to increase and Plaintiffs reserve the right to seek recovery of reasonable fees incurred after filing this Complaint and for work before this Court.

25. Plaintiffs are the parents of a child with a disability as defined under IDEA. Under the Order, Plaintiffs are the "prevailing parties" in the Due Process for purposes of 20 U.S.C. § 1415(i)(3)(B) because (a) the Order alters the legal relationship between Plaintiffs and Defendants in such a way as to benefit Plaintiffs, and (b) Plaintiffs succeeded on the merits of virtually all of the issues litigated in the Due Process.

26. As such, Plaintiffs are entitled to recover their reasonable attorney fees under both IDEA (20 U.S.C. § 1415(i)) and Indiana law (511 IAC 7-45-11).

27. Plaintiffs request a finding that Defendants violated 20 U.S.C. §1415, specifically relying on the IHO's finding that the Defendants violated various procedures required by 20 U.S.C. 1415, including involving the parents in any decision to provide K.W. a one-on-one aide. Exhibit A, at 37.

### VIII. SCHOOL'S PROTRACTION

28. Further, Plaintiffs request a judicial finding that Defendants unreasonably protracted the underlying administrative proceedings which unnecessarily delayed a final resolution of that action. Defense counsel engaged litigation tactics which appeared calculated to delay the administrative hearing, interfere with Plaintiffs' presentation of evidence and to confuse the IHO. Although the hearing had originally been scheduled (by agreement) for four days, defense counsel insisted that they needed additional time and the hearing ended up lasting eight days, on some nights adjourning past 5:00 p.m. Defendants refused to provide a settlement proposal with an IEP and reneged on portions of settlement proposals which they had previously agreed upon. Further, Defendants' counsel spent excessive amounts of time questioning witnesses at the administrative hearing and searching for exhibits in comparison to the time spent by parents' counsel. Defense counsel also made numerous meritless objections, unreasonably re-argued issues already decided by

the IHO and otherwise found ways to create frequent interruptions and other distractions during the hearing, which caused additional delay and created a generally contentious atmosphere.

## IX.     RELIEF SOUGHT

Plaintiffs respectfully request the following relief:

1. Judgment in their favor and against Defendants, jointly and severally;

2. A declaration that Plaintiffs were the prevailing parties as the parents of a child with a disability in the Due Process;

3. An award of reasonable attorney fees incurred in (a) prosecuting the Due Process, and (b) prosecuting this action;

4. Costs of this action;

5. Pre- and post-judgment interest; and

6. All other relief reasonable in the premises.

Respectfully submitted,

*Catherine M. Michael*

Catherine M. Michael 22474-49
Thomas W. Blessing 15696-49
Sonja D. Kerr, 11993-49
*Attorneys for Plaintiffs*
11555 N Meridian, Suite 530
Carmel IN  46032
317/569-2200

                        317/569-2202 fax
                        cmichael@hzlegal.com
                        skerr@hzlegal.com


                        11650 Lantern Road, Suite 204
                        Fishers, IN 46038
                        317/576-8580
                        317/203-1012 fax
                        tom@mjcattorneys.com