# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF INDIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| J. W. and K.W.,       ) | |
| Individually and as Parents   ) | |
| and Next Friends      ) | |
| of K.W., A Minor,     ) | |
|      Plaintiffs,  ) | |
|           ) | Civil Action No. _____ |
| v.           ) | |
|           ) | |
| METROPOLITAN SCHOOL DISTRICT ) | |
| OF WARREN COUNTY and WABASH ) | |
| RIVER VALLEY SPECIAL EDUCATION ) | |
| COOPERATIVE,     ) | |
|           ) | |
|      Defendants.  ) | |

## DECLARATION OF SONJA D. KERR IN SUPPORT OF AWARD OF ATTORNEYS' FEES AND RECOVERABLE COSTS

1.  I am over age 18, of sound mind, and competent to make this declaration. The information contained herein is true and correct and within my personal knowledge. This declaration is made under penalty of perjury.

2.  I have been a licensed attorney since 1987 and am a licensed attorney in the State of Indiana. I was originally admitted to the Indiana Bar in 1987. I have practiced and continue to practice in states other than Indiana and presently reside in Austin, Texas.

3.  I make this declaration from personal knowledge, from a review of all of the other exhibits to this Fee Application and the attached exhibits.

4.  I have reviewed my time entries for this matter which are attached as *Exhibit 1* herein. The time entries are kept in an on-line system known as Harvest. My hourly rate is



Exhibit
F

set at $400.00 per hour. The Harvest sheet reflects 89.12 hours in total attorney's fees for my time for a total of $35,648.00. A copy of the summary is attached for the court's convenience as Exhibit 1. This amount is included in the total amount referenced within the affidavit of my partner and colleague, Catherine Michael.

5.     I have prepared this declaration, reviewed pleadings in this case, conducted legal research and participated in a prehearing conference in this matter. The fees requested should be ordered paid by Defendant MSD Warren County and Wabash River Special Services Cooperative.

6.     It is my opinion that the amount requested is a reasonable amount given the circumstances of this case which included a child with complex needs, a parent with disabilities and unfortunately, a school attorney who unreasonably protracted the litigation.

## EXPERIENCE AND QUALIFICATIONS

7.     I received a J.D. from Indiana University School of Law – Indianapolis in 1987. I have been a licensed attorney for nearly thirty-two years. I am presently a partner with Hollingsworth and Zivitz, P.C. where I continue to exclusively practice special education law. I was the Director of Impact Litigation at the Cuddy Law Firm, Austin, Texas office from January 2016 to March 2018. Prior to that I was the director of disabilities with the prestigious Public Interest Law Center of Philadelphia from 2009 to 2015.

8.     I have represented hundreds of individual students with disabilities in special education and discrimination law since 1989. I have also represented thousands of children in numerous class actions. I have practiced extensively throughout the United States, including Minnesota, Alaska, Indiana, Pennsylvania and Texas. My practice includes

representing individual students at special education meetings, mediation sessions, due process hearings, federal court and courts of appeal. I am also experienced in litigating class actions in the area of special education law. Throughout my time as a special education lawyer, I have been committed to reasonable litigation and settlement of these disputes when possible. I have settled many individual disputes and several class actions.

9.      I am recognized as an experienced and expert attorney in the area of special education law and litigation. I was recently honored to receive the 2019 Diana Lipton award from the Council of Parent Attorneys and Advocates (COPAA). The Lipton award is provided to an individual who has made a particularly exceptional and outstanding contribution to COPAA's primary mission of obtaining high-quality educational services for children with disabilities.

10.     My substantial experience is detailed in my current curriculum vitae which is attached to this Declaration as Exhibit 2. In addition, a list of some of my significant cases is attached as Exhibit 3. This list represents special education due process hearings, individual federal and state litigation in special education, as well as circuit court litigation and class action experience. In addition to litigating special educations in 13 states over some 30 years, I have taught and mentored others who are learning special education.

11.     My current hourly rate is $400.00 per hour. Although no Indiana court has addressed the rate, at least one Texas court has upheld the $400.00 per hour rate. See, *Melanie B. v. Georgetown Independent School District,* 118 LRP 18870, (W.D. Tx. May 2018). The $400.00 per hour rate was set in 2016 when I arrived in Texas as I began work at the Cuddy Law Firm to reflect my extensive experience as well as judicial determination of my rate in other states. My hourly rate has previously been judicially determined to be

as high as $600.00 per hour in the Eastern District of Pennsylvania, as well as earlier decisions at $400.00 and at $450.00. See, *School District of Philadelphia v. Kimberly Williams*, 116 LRP 9497, 2016 WL 867130 (E.D. Pa., March 7, 2016) ($450 rate set noting impressive qualifications and indisputably highly experienced); *I.W. v. School District of Philadelphia*, 2016 WL 147148, 147149 (E.D. Pa. January 13, 2016) ($600 rate based on Philadelphia Community Legal Services schedule); and *G.J. by Jackson v. Lower Merion School District*, 59 IDELR 33 (E.D. Pa., June, 2012) ($400 rate unopposed).

12.     To my knowledge, there are no other special education parent-side Indiana lawyers with nearly 32 years of legal experience and over 30 years of special education experience, who have the significant experience that I have, which includes practice in multiple jurisdictions, and before hearing officers, federal and state courts, and circuit courts.

13.     Opposing counsel in this area of law with similar years of experience often bill at approximately $315.00 and $295.00. However, school attorneys have engagement agreements with their clients, often have insurance coverage for their work and do not need to depend on the IDEA's fee-shifting provision.

## THE NATURE OF SPECIAL EDUCATION LAW

14.     The practice of special education law is a complicated one because it involves a myriad of statutes and regulations, is fast-moving, involves at least thirteen major categories of disability, and regularly involves experts. In addition, facts and circumstances are still continuing as the child attends school each day during the litigation and the school takes actions or forwards paperwork that may impact the litigation. Because of these characteristics it is a challenging area of law. Even experienced trial attorneys in a variety of areas have expressed to me their surprise at the complexity of special education.

15.    Special education generally involves thousands of pages of educational records. These records may be not only school report cards, attendance and discipline records but also special education evaluations, or re-evaluations, Individual Education Programs (IEPs) which in Indiana are drafted by a committee at a case conference meeting, and there may be various drafts of the documents.

16.    Special education law is based primarily on the Individuals with Disabilities Education Act, 20 USC § 1400, et seq (IDEA) and its many regulations as well as the state version of the law, which in Indiana is known as Article 7. In addition, there may be related claims under the Americans with Disabilities Act as Amended (2008) (ADA) and Section 504 of the 1973 Rehabilitation Act (Section 504). In addition, other state laws may be involved, as occurred here, when the district sued the parents in Indiana small claims court.

17.    Special education law is fast-moving, intended to be completed in just 75 calendar days. Once a due process hearing request is filed, parties are expected to try to resolve the case in 30 days, and then complete preparation (including any limited discovery) and the hearing (a trial) within 45 days. Thus, from filing to decision, absent extensions, is a mandated 75 calendar days.[1] While extensions are necessary and can be granted, the educational lives of the children involve require all parties to try to move as rapidly as possible. The rapid nature of the practice makes the practice more difficult for attorneys as

---

[1] From the date of filing the due process complaint, the parties have thirty days within which to settle or otherwise resolve the dispute. 20 U.S.C. § 1415(f)(1)(B)(ii); 34 C.F.R. § 300.510(a)(1). This so-called "resolution period" totals 30 days, and if the case is not resolved, it proceeds to a hearing. 20 U.S.C. § 1415(f)(1)(B)(ii). The parties must exchange and disclose documents they intend to introduce at the hearing "not less than 5 business days prior to a hearing" ("5-day exchange rule"). 20 U.S.C. § 1415(f)(2)(A); 34 C.F.R. § 300.512(b)(1). Thereafter, if no adjournments are sought and granted, a final decision must be rendered within 45 days after the end of the 30-day resolution period ("45 Day Rule"). 34 C.F.R. § 300.515(a)

there may be discovery necessary, motion practice as well as the hearing itself. In the instant case was litigated for some four months (November 2018 to March 30, 2019), with prehearings, some discovery and motion practice. The record at the hearing included thousands of pages of transcripts and exhibits. Some 14 witnesses testified, including three psychologists and one medical doctor. Some witnesses were re-called. The hearing transcript reflects that the 8 days of hearing were generally 9-hour days (including working lunches) with the exception of the last day which was about 7 for a total of in-court time of approximately 70 hours of in-court time.

18.     Special education law involves understanding the needs of some thirteen categories of disability, including children with emotional disorders, autism, learning disabilities, orthopedic impairments, deafness and hearing impairment, blindness and visual impairments, intellectual disabilities, speech and language disorders, traumatic brain injury, other health impairments (Attention Deficit Disorder, migraines, cancer) and multiple disabilities. 34 C.F.R. §300.8 (1-13). In K.W.'s case, he was identified as having a mood disorder, Bipolar I disorder, oppositional defiant disorder and Attention Deficit Hyperactivity Disorder. The lawyer working with a special needs student must understand and keep abreast of not only the legal issues but the programmatic needs of students, including new educational programming and services that science develops.

19.     Special education involves complicated subject matter requiring experts and understanding of the expert reports and opinions. In most special education cases, the child has been evaluated by a school evaluation team which usually includes a psychologist, speech therapist, occupational therapist, behavioral expert and others. In addition, a child with a disability often has not only a pediatrician, but often provider experts, such as tutors,

behavioral experts or neurologists. Finally, each party often hires a "litigation" expert. All of the information about the child gathered from these various experts must be reviewed and understood and all in a very short time-frame. In this case, both parties had litigation experts, Dr. Lachajewski and Dr. Horn for the parents, and Dr. Van Acker for the district.

20.     A further complexity is that while the parties are litigating, the parent and the school are often still communicating, and meeting. As the school will have legal representation that may be consulted before it notifies a parent about a change or schedules a meeting, parent attorneys must assist their clients on day-to-day matters as those matters may affect the litigation.

21.     This area of law is complex, and parents need representation. See, e.g. *Duane M. v. Orleans Parish School District*, 361 F.2d 115 (5th Cir. 1988). The law involves the need to work with parents who have their own disabilities. In this case, K.W.'s mother had disabilities. Working with parents who have their own disabilities requires more time because of the need to ensure they understand the complexities of the situation.

22.     Throughout my years as a special education attorney, I have trained hundreds of other attorneys, including lawyers in Indiana, and substantial numbers of lawyers who were *pro bono* counsel during my seven years of work at the Public Interest Law Center of Philadelphia. I have also provided trainings for many years through the Council of Parent Attorneys and Advocates ("COPAA"), a national organization that provides information and training to lawyers. Many of the attorneys I have trained have worked for large private law firms and their regular areas of practice has included securities, employment law or commercial litigation. When training these lawyers in the area of special education law, it became apparent to me that special education law is a complex, complicated and time-

7

consuming area of law that can challenge even the most capable and experienced attorney. It is often more complicated due to the necessity of understanding the unique disabilities of the children, constantly changing educational approaches to their needs and complex administrative procedures involved in case conference meetings and due process hearings.

23. The Court should determine my hourly rate of $400.00 per hour to be a reasonable rate given the complexity of this nature of civil litigation. In considering this rate, the Court should recognize prior rates in other states as representative of my skills and abilities that are, to my personal knowledge, unmatched in the State of Indiana at this time. Further, the Court should recognize that nearly all special education attorneys in Indiana practice throughout the state and thus, considering a particular locality is not necessarily the appropriate means of determining a fair rate in this highly specialized area of law. There is a dearth of special education attorneys in Indiana who represent parents, and far fewer who are versed in federal court litigation. For all of these reasons, my hourly rate of $400.00 per hour for litigation preparation, and litigation, (not school meetings) is fully reasonable.

### FACTS PERTAINING TO FEES IN THIS MATTER

24. The special education due process hearing request in this matter was filed on November 27, 2018. The hearing decision was issued March 30, 2019, four months later.

25. I became involved in the case on or about January 4, 2019 and have continued to be involved since that time. My total hours reflected at this time are 89.12 hours at $400.00 per hour for a total of $35,648.00. A copy of the Harvest entry detailed entries is attached as Exhibit 1.

26. I also participated in review of the hearing officer decision and have assisted in the drafting of this fee petition complaint.

8

27.     As an experienced and seasoned special education litigator, my opinion is regularly sought by special education parent-side attorneys all over the country. A review of the well-written hearing officer decision in this case shows that parents are prevailing parties. Of nine issues, the hearing officer found completely for the parents and on the two other issues she found in part for the parents. The hearing officer issued affirmative orders including a revised IEP, including nursing staff on the student's IEP team, and training of staff in behavioral programming. It is clear that the parents were the prevailing parties in this case. *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 478 (7th Cir. 2003).

28.     The Court should set a date for submission of a fees-on-fees petition for the work performed by Hollingsworth & Zivitz, P.C. in connection with this fee petition, unless the Defendant willingly pays the fees due.

29.     The Court should specifically find that the Defendant is required to pay all fees due within thirty (30) days of the date of the Court's order on this matter, and that to the extent it does not do so, both pre-judgment and post-judgment interest will continue to apply.

30.     I have been engaged as an expert on fees previously. I have been deposed one time in connection with a fee petition I had submitted. *Lubbock-Cooper ISD v. Sherri D.*, 5:17-cv-202C, (N.D. Tex. 2019) and *Sherri D. v. Lubbock-Cooper ISD*, 5:17-cv-221-C the files of which are sealed as they involve minor children. I have not testified in court as an expert on fees.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Respectfully submitted 4/26/18,

By: _Sonja D. Kerr_
Sonja D. Kerr

Hollingsworth & Zivitz, PC
11555 N. Meridian Street
Suite 530
Carmel, IN 46032


Invoice submitted to:
Courtney Wheeler




April 26, 2019

In Reference To:   Education



### Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 11/14/2018 | Scanning and organizing documents, file review and chronology | 1.00<br>95.00/hr | 95.00 |
| 11/27/2018 | Draft Due Process Hearing Letter; File Request for Due Process Hearing via ICHAMP, fax, and U.S. Certified mail | 0.60<br>95.00/hr | 57.00 |
| 12/7/2018 | Draft Report on Resolution Session and file via ICHAMP | 0.30<br>95.00/hr | 28.50 |
| 1/15/2019 | Telephone conference with client re: medical providers and witness list | 0.30<br>95.00/hr | 28.50 |
| 1/16/2019 | Draft Sonja Kerr Appearance Letter; File Appearance via ICHAMP | 0.20<br>95.00/hr | 19.00 |
|  | Telephone conference with client re: medical providers and witness list; Update draft witness list; draft consents; email consents to client | 1.00<br>95.00/hr | 95.00 |
| 1/18/2019 | Begin drafting Subpoenas | 1.00<br>95.00/hr | 95.00 |
| 1/21/2019 | Continue drafting Subpoenas | 0.50<br>95.00/hr | 47.50 |
| 1/22/2019 | Finish drafting Subpoenas with times and additional witnesses, draft letter to IHO re: Subpoenas; Telephone call with client re: documents and police report | 1.00<br>95.00/hr | 95.00 |
| 1/31/2019 | Hearing preparation (printing Petitioner's Exhibits, Respondent's exhibits, Insource documents: around 8,000 pages) | 4.00<br>95.00/hr | 380.00 |



**Exhibit**

1

Courtney Wheeler                                                                                     Page      2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 2/1/2019 | Hearing preparation (cover pages for binders (x7), organizing and hole punching all exhibits in binders) | 4.00 95.00/hr | 380.00 |
| 2/8/2019 | Draft Motion to Extend Final Decision Deadline; File Motion via ICHAMP | 0.30 95.00/hr | 28.50 |
| 4/12/2019 | Telephone call to IHO; Draft and file letter regarding notice of intent to respond to school's motion. | 0.50 95.00/hr | 47.50 |
| 4/22/2019 | CMM & SDK Invoice (see attached invoices) | 395.20 | 134,287.75 |
|  | For professional services rendered | 409.90 | $135,684.25 |
|  | Additional Charges : |  |  |
| 1/31/2019 | binders for hearing |  | 144.00 |
|  | Total additional charges |  | $144.00 |

# INVOICE

From  **Hollingsworth & Zivitz**

| | |
|---|---|
| Invoice ID | **61** |
| Issue Date | 04/26/2019 |
| Due Date | 04/26/2019 (upon receipt) |

Invoice For  **Wheeler, Courtney**

| Item Type | Description | Quantity | Unit Price | Amount |
|---|---|---|---|---|
| Service | 11/14/2018 - General case work / Catherine Michael: Initial consultation with family 1.5, Review of Keegan's documents and file 2.6, Creation of a timeline as well as list of potential issues .4 | 4.50 | $295.00 | $1,327.50 |
| Service | 11/16/2018 - General case work / Catherine Michael: Reviewing additional documents, notes, updating timeline with new documents and information 1.6, Drafting Due Process 4.2 | 5.80 | $295.00 | $1,711.00 |
| Service | 11/19/2018 - General case work / Catherine Michael: Review of additional documents and additions to timeline | 0.90 | $295.00 | $265.50 |
| Service | 11/28/2018 - General case work / Catherine Michael: Hearing appointment documents .2, Email to family .1 | 0.30 | $295.00 | $88.50 |
| Service | 11/29/2018 - General case work / Catherine Michael: Call with Wheeler family .2 | 0.20 | $295.00 | $59.00 |
| Service | 12/03/2018 - General case work / Catherine Michael: Review of Pre-hearing Orders and pre-hearing from Dr. Dilk and notes to file .2 | 0.20 | $295.00 | $59.00 |
| Service | 12/04/2018 - General case work / Catherine Michael: Call with Wheeler family .7, emails regarding potential resolution options and issues in the case .5 | 1.20 | $295.00 | $354.00 |
| Service | 12/10/2018 - General case work / Catherine Michael: Review of Respondent's Answer in the case .4, Notes to timeline of issues .5, Call with family to go over Answer .8 | 1.70 | $295.00 | $501.50 |
| Service | 12/11/2018 - General case work / Catherine Michael: Emails with family .6 | 0.60 | $295.00 | $177.00 |
| Service | 12/12/2018 - General case work / Catherine Michael: Review of Dr. Dilk's statement of issues and due process letter original issues with notes .4, Review of summary of PHC .1, Notice of hearing dates .1, Motion for Sufficiency .6 | 1.20 | $295.00 | $354.00 |
| Service | 12/13/2018 - General case work / Catherine Michael: Multiple emails with family regarding current issues with school .8, call to outside provider regarding input and student needs .5 | 1.40 | $295.00 | $413.00 |
| Service | 12/14/2018 - General case work / Catherine Michael: Review of email from parent .2, Review of Motion for Sufficiency from S.Slone .2, Drafting initial response to Motion for sufficiency 2.1 | 2.50 | $295.00 | $737.50 |
| Service | 12/17/2018 - General case work / Catherine Michael: Call with parent re Motion for sufficiency .2 | 0.20 | $295.00 | $59.00 |
| Service | 12/18/2018 - General case work / Catherine Michael: Issuance of order re Motion for Sufficiency and More Definite Statement .1 | 0.10 | $295.00 | $29.50 |
| Service | 12/19/2018 - Conference with other HZ counsel or staff / Catherine Michael: Review of Dr. Dilk's order for the pre-hearing conference .3, Call with family regarding order .7 | 1.00 | $295.00 | $295.00 |
| Service | 12/20/2018 - General case work / Catherine Michael: Call with family .9, Review of motion from M.Conrad with notes to time line, Motion to strike exhibits, and call re in person prehearing conference 1.3, calls with outside providers to understand student needs 1.4 | 3.60 | $295.00 | $1,062.00 |
| Service | 12/21/2018 - General case work / Catherine Michael: Letter from S. Slone re student records .2, Call with parent and creation of list of missing documents, restraint forms, emails, seclusion reports, accident reports, pictures, discipline records and other documents school failed to include in documents provided to parent (118 pages), discussion of needs for pre-hearing conference including issues, discovery and other matters 2.6 | 1.20 | $295.00 | $354.00 |
| Service | 12/22/2018 - General case work / Catherine Michael: Legal research on issues within the case prior to pre-hearing conference and discovery issues, memo on matters 2.8 | 2.80 | $295.00 | $826.00 |
| Service | 12/28/2018 - General case work / Catherine Michael: Phone call re discovery issues in case .3 | 0.30 | $295.00 | $88.50 |
| Service | 01/02/2019 - General case work / Catherine Michael: Phone call with outside provider on student's needs and evaluation .9, Call with Wheeler family regarding student needs and initial in-person pre-hearing .3, Review of IHO order .1 | 1.30 | $295.00 | $383.50 |
| Service | 01/03/2019 - General case work / Catherine Michael: Emails with wheeler family regarding prehearing conference and acr | 0.70 | $295.00 | $206.50 |

| Service | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| Service | Evaluation ... to provide a current amount of educational ... | | | $120.00 |
| Service | 01/04/2019 - General case work / Catherine Michael: Phone call with family .2, Review of response to motion to Strike .1, Review of Orders regarding parties motions .1 | 0.40 | $295.00 | $118.00 |
| Service | 01/05/2019 - General case work / Catherine Michael: Preparation for in-person pre-hearing, Research on discovery issues as to emails and other documents in Wheeler matter with memorandum to the file in preparation for brief on matter 2.9, comparison of documents received and documents turned over in discovery/ verses what parents received 1.5, Review of ACR meeting documents, calls with parents and emails with parents .8, | 5.20 | $295.00 | $1,534.00 |
| Service | 01/06/2019 - General case work / Catherine Michael: Review of filing by Stephanie Slone .5, review of order by IHO .2, call with family .7, review of school documents provided 1.5 | 2.90 | $295.00 | $855.50 |
| Service | 01/07/2019 - General case work / Catherine Michael: Prehearing conference 2.5. Travel from pre hearing 1.5, phone call with parents regarding pre-hearing .7 | 4.70 | $295.00 | $1,386.50 |
| Service | 01/08/2019 - General case work / Catherine Michael: Phone call with Wheeler family .4, review of orders regarding PHC .1 | 0.50 | $295.00 | $147.50 |
| Service | 01/10/2019 - General case work / Catherine Michael: Review of the School's interrogatories and requests, review of letters to medical providers for production, and Legal research on FAPE requirements, assistive technology, and compensatory services claims, damage provisions in IEP, fees and costs and other case issues 3.5 | 3.50 | $295.00 | $1,032.50 |
| Service | 01/11/2019 - General case work / Catherine Michael: Emails with family over consents .4, Review of filings by S.Slone, Calls with family and experts over hearing dates and needs 1.4 | 1.80 | $295.00 | $531.00 |
| Service | 01/14/2019 - General case work / Catherine Michael: Lengthy call with Wheeler family .8, Drafting Demand letter 1.4, Emails with Wheeler family on long term issues and lack of any settlement offers or attempts of resolution from school .5, Research on case law issues in preparation for hearing and closing statements 2.7, Call to outside providers to arrange times for testimony and get additional information 3.2 | 7.80 | $295.00 | $2,301.00 |
| Service | 01/15/2019 - General case work / Catherine Michael: Work on witness list and information regarding each witness and possible testimony 2.4 | 2.40 | $295.00 | $708.00 |
| Service | 01/16/2019 - General case work / Catherine Michael: Work on trial plan and witness list 2.5 | 2.50 | $295.00 | $737.50 |
| Service | 01/17/2019 - General case work / Catherine Michael: Trial plan work - creating issues outline for witnesses 4.4, calls to parents, providers and witnesses .8 | 5.20 | $295.00 | $1,534.00 |
| Service | 01/18/2019 - General case work / Catherine Michael: Calls re medical records and discovery .4, Call with Courtney Wheeler .2, Call with outside provider .3, creation of witness outline for outside provider and questions 1.6 | 2.50 | $295.00 | $737.50 |
| Service | 01/21/2019 - General case work / Catherine Michael: Review of documents that have been received, notes on documents, list of additional potential witnesses, call with parent, and list of what is needed to prepare for hearing 7.2 | 7.20 | $295.00 | $2,124.00 |
| Service | 01/22/2019 - General case work / Catherine Michael: Research on shortened day and LRE for closing statement and for issues for witnesses 2.1 | 2.10 | $295.00 | $619.50 |
| Service | 01/23/2019 - General case work / Catherine Michael: Call with Wheeler family .4, Call with witness to case .9, Call with witness/provider in case 1.2, Review and changes to FAPE brief 1.1, Research for brief 1.5, Review of subpoena and witness needs .9, email from Stephanie Slone .1, email to Stephanie Slone .1, Review of new documents received 1.4 | 7.60 | $295.00 | $2,242.00 |
| Service | 01/24/2019 - General case work / Catherine Michael: Call from Wheeler family .3 | 0.30 | $295.00 | $88.50 |
| Service | 01/25/2019 - General case work / Catherine Michael: Review of pre-hearing transcript and notes to file .8, Pre-hearing conference 1.5, Initial review of documents received from Respondent .5, work on expert witness disclosure for discovery deadline 2.8 | 5.60 | $295.00 | $1,652.00 |
| Service | 01/25/2019 - Court or hearing / Sonja Kerr: Prehearing conference (1.1) | 1.10 | $400.00 | $440.00 |
| Service | 01/25/2019 - Discovery / Sonja Kerr: Consult with TB and CM regarding discovery disputes (.2) | 0.20 | $400.00 | $80.00 |
| Service | 01/26/2019 - General case work / Catherine Michael: Work on witness questions 1.5, Drafting Response to School's offer 1.6, Call to family .7, Review of brief regarding FAPE 1.5 | 5.30 | $295.00 | $1,563.50 |
| Service | 01/27/2019 - General case work / Catherine Michael: Work on reviewing exhibit outline, creating notes for trial plan | 5.90 | $295.00 | $1,740.50 |
| Service | 01/28/2019 - General case work / Catherine Michael: Work on exhibit binders 1.5, Call with Courtney Wheeler regarding demand response and student needs 1.3, Work on potential summary judgment and damages issues or documents to be used for closing statement, 1.9, Review and changes to witness and exhibit lists 1.0, changes to FAPE brief .7, changes to subpoena .2, review of documents received from school .7, letter from Stephanie Slone and review of documents associated for response .3, calls with parent .7 | 8.30 | $295.00 | $2,448.50 |
| Service | 01/29/2019 - General case work / Catherine Michael: Emails from Wheeler family and responses .3, review of new documents from the school not included in original materials 1.3 - notes to file, review of subpoenas .2 | 1.80 | $295.00 | $531.00 |
| Service | 01/30/2019 - Drafting / Sonja Kerr: Review of bench brief drafted by TB on issue of FREE appropriate public education, additional legal research and revision of same and forward to TB and CM | 2.09 | $400.00 | $836.00 |

| Service | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| Service | 01/30/2019 - General case work / Catherine Michael: Hearing and exhibit outline and preparation for next week | | $400.00 | $2,714.00 |
| Service | 01/31/2019 - Conference with other HZ counsel or staff / Sonja Kerr: Conference with CM and TB regarding status of small claims case and relation to Bench Brief for due process hearing (.6) | 0.60 | $400.00 | $240.00 |
| Service | 01/31/2019 - Drafting / Sonja Kerr: Review final version of Petitioner's bench brief and correct typos and forward back to SC for filing (.2) | 0.20 | $400.00 | $80.00 |
| Service | 01/31/2019 - General case work / Catherine Michael: Trial preparation, research, and witness questions - reviewing and updating notes for approximately 3000 pages of information and 30 potential witnesses, work on Petitioners bench brief on issue of FAPE | 8.20 | $295.00 | $2,419.00 |
| Service | 02/01/2019 - General case work / Catherine Michael: Trial preparation, witness questions and work on questions for all school witnesses for both Petitioner/Respondent, exhibit notes | 8.90 | $295.00 | $2,625.50 |
| Service | 02/02/2019 - General case work / Catherine Michael: Trial preparation and work/research on opening, closing, questions for parents and providers | 7.40 | $295.00 | $2,183.00 |
| Service | 02/03/2019 - General case work / Catherine Michael: Trial preparation and work, travel to hearing 1.5 | 6.60 | $295.00 | $1,947.00 |
| Service | 02/04/2019 - General case work / Catherine Michael: Hearing Work 8:00 - 6:30 10.5, prep for day 2 1.5 | 12.00 | $295.00 | $3,540.00 |
| Service | 02/05/2019 - General case work / Catherine Michael: Hearing 8 - 5:30, 8.5, prep for day 2.0 | 10.50 | $295.00 | $3,097.50 |
| Service | 02/06/2019 - General case work / Sonja Kerr: Conference with CMM, TB and PH regarding hearing events of today and concern about MC (.9) | 0.90 | $400.00 | $360.00 |
| Service | 02/06/2019 - General case work / Catherine Michael: Due Process Hearing and Work | 10.90 | $295.00 | $3,215.50 |
| Service | 02/07/2019 - General case work / Sonja Kerr: Telephone call with CMM concerning offer of judgment issue (.3) | 0.30 | $400.00 | $120.00 |
| Service | 02/07/2019 - General case work / Catherine Michael: Due Process preparation for school witnesses 4.1, calls with parent 1.7 | 5.80 | $295.00 | $1,711.00 |
| Service | 02/08/2019 - General case work / Catherine Michael: Due Process Hearing | 10.40 | $295.00 | $3,068.00 |
| Service | 02/11/2019 - Drafting / Sonja Kerr: Draft Motion to Accept Related Judicial Decree and forward to CM and TB for review and filing | 0.37 | $400.00 | $148.00 |
| Service | 02/11/2019 - General case work / Catherine Michael: Lengthy call with Wheeler family .6 | 0.60 | $295.00 | $177.00 |
| Service | 02/12/2019 - Conference with other HZ counsel or staff / Sonja Kerr: Conference with CMM regarding joining hearing in progress at the end of the month (.3) | 0.30 | $400.00 | $120.00 |
| Service | 02/12/2019 - Legal Research / Sonja Kerr: Review of statutory right to hearing transcript and smart start regarding same and forward to CMM for her email to Dana Long at IDOE | 0.38 | $400.00 | $152.00 |
| Service | 02/13/2019 - General case work / Catherine Michael: Work on review of all evidence from Wheeler week 1, Changes to trial plan for Wheeler week 2, call with family to update them, rebooking experts and other providers 6.8 | 6.80 | $295.00 | $2,006.00 |
| Service | 02/14/2019 - Drafting / Sonja Kerr: Finalize petitioner's motion for hearing officer to take judicial notice (.2) | 0.20 | $400.00 | $80.00 |
| Service | 02/15/2019 - Telephone call / Sonja Kerr: Call with CMM concerning preparation for attendance at continued hearing dates end of February, 2019 (.7) | 0.70 | $400.00 | $280.00 |
| Service | 02/15/2019 - Settlement emails, correspondence or discussions / Sonja Kerr: Review of settlement draft from CMM and revise with letter to firm and letter to M Conrad | 1.29 | $400.00 | $516.00 |
| Service | 02/15/2019 - I-Champ Filed Pleadings Review / Sonja Kerr: Review of SEHO's Order denying Motion for Judicial Notice and Corrected Order (.3) | 0.30 | $400.00 | $120.00 |
| Service | 02/15/2019 - General case work / Catherine Michael: Work on closing statement for Wheeler case based on testimony during week 4.2, legal research 2.1 | 6.30 | $295.00 | $1,858.50 |
| Service | 02/16/2019 - General case work / Sonja Kerr: Review of all pleadings, all discovery requests and responses in small claims court (2.7) | 2.70 | $400.00 | $1,080.00 |
| Service | 02/16/2019 - Correspondence / Sonja Kerr: Review of CMM's revision of letter to Karen Sharp and letter concerning settlement prior to finalizing and send feedback to CMM (.9) | 0.90 | $400.00 | $360.00 |
| Service | 02/17/2019 - Settlement emails, correspondence or discussions / Sonja Kerr: Finalize letter to Sharp, et al and letter to Conrad and forward to all counsel by email and to CMM for sending to Clients (.6) | 0.60 | $400.00 | $240.00 |
| Service | 02/17/2019 - General case work / Sonja Kerr: Initial review of CMM's question outlines and CMM's index of exhibits (1.8) | 1.80 | $400.00 | $720.00 |
| Service | 02/17/2019 - Legal Research / Sonja Kerr: Legal research on Indiana Small Claims Court rules with respect to attorneys' fees and counterclaims when case is dismissed without prejudice and send note to CMM regarding same | 0.30 | $400.00 | $120.00 |

| Service | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| Service | | | | $118.00 |
| Service | 02/18/2019 - General case work / Sonja Kerr: Further Review of CM's issues notes and analysis for purposes of questioning witnesses at hearing (1.7) | 1.70 | $400.00 | $680.00 |
| Service | 02/18/2019 - General case work / Sonja Kerr: Review of CM's exhibits notes (50+ pages) and compare to issues and related (2.7) | 2.70 | $400.00 | $1,080.00 |
| Service | 02/19/2019 - Conference with other HZ counsel or staff / Catherine Michael: Work on closing information and notes from hearing 2.1 | 2.10 | $295.00 | $619.50 |
| Service | 02/19/2019 - Conference with other HZ counsel or staff / Catherine Michael: Preparation for Hearing Week 2, review of notes, adding/changing witness questions based on facts established, list of potential school witnesses, list of inconsistencies, issues left to prove 6.2 | 6.20 | $295.00 | $1,829.00 |
| Service | 02/20/2019 - Settlement emails, correspondence or discussions / Sonja Kerr: Review of Opposing Counsel Monica Conrad's letter about settlement and accompanying IEP (.4) | 0.40 | $400.00 | $160.00 |
| Service | 02/20/2019 - Settlement emails, correspondence or discussions / Sonja Kerr: Discussion with CMM about today's letter concerning settlement (.1) | 0.10 | $400.00 | $40.00 |
| Service | 02/20/2019 - Conference with other HZ counsel or staff / Catherine Michael: Receipt of letter from M.Conrad .2, Email to Wheeler family .3, phone call regarding letter .5 | 1.00 | $295.00 | $295.00 |
| Service | 02/20/2019 - Settlement emails, correspondence or discussions / Sonja Kerr: Review and revise email to Karen Sharp with proposed settlement since no settlement proposal document from opposing counsel Monica Conrad (.6) | 0.60 | $400.00 | $240.00 |
| Service | 02/20/2019 - Legal Research / Sonja Kerr: Read the Muldowney v. Lincoln case and research ADA claim on sped connection (associational and/or retaliatory) | 0.50 | $400.00 | $200.00 |
| Service | 02/21/2019 - Email / Sonja Kerr: Email on witnesses for parents' case (.1) | 0.10 | $400.00 | $40.00 |
| Service | 02/21/2019 - Conference with other HZ counsel or staff / Sonja Kerr: Conference with CMM and TB regarding call from Stephanie Slone and expert issues (.6) | 0.60 | $400.00 | $240.00 |
| Service | 02/21/2019 - Telephone call / Sonja Kerr: Telephone call and follow-up email with Stephanie Slone regarding witness order and related (.1) | 0.10 | $400.00 | $40.00 |
| Service | 02/21/2019 - Drafting / Sonja Kerr: Draft letter to Slone and Conrad regarding witnesses order, and also experts protocols and related | 0.23 | $400.00 | $92.00 |
| Service | 02/21/2019 - Drafting / Sonja Kerr: Draft response to Slone's frivolous motion on clarification of witness lists (.4) | 0.40 | $400.00 | $160.00 |
| Service | 02/21/2019 - Conference with other HZ counsel or staff / Sonja Kerr: Conference with CMM on OC's response on settlement (.1) and witness preparation for our case in chief (.4) | 0.40 | $400.00 | $160.00 |
| Service | 02/21/2019 - Settlement emails, correspondence or discussions / Sonja Kerr: Further emails from and to Ms Conrad. | 0.20 | $400.00 | $80.00 |
| Service | 02/22/2019 - Settlement emails, correspondence or discussions / Sonja Kerr: Email review and exchange with Monica Conrad regarding school's reasons for rejecting our settlement proposal (.1) | 0.10 | $400.00 | $40.00 |
| Service | 02/22/2019 - Legal Research / Sonja Kerr: Research 34 CFR 300.517(c)(2) issue about attorneys' fees and settlement information admissible to the court or the hearing officer (.3) | 0.30 | $400.00 | $120.00 |
| Service | 02/22/2019 - General case work / Sonja Kerr: Research and draft Rule 68 offer and letter to accompany and send to CMM and TB for review (.9) | 0.90 | $400.00 | $360.00 |
| Service | 02/22/2019 - I-Champ Filed Pleadings Review / Sonja Kerr: Review of letter from OC about subpoena of additional doctor witnesses (.2) | 0.20 | $400.00 | $80.00 |
| Service | 02/23/2019 - General case work / Sonja Kerr: Review of Pat's notes from first week of hearing and compare to witness list to prepare for hearing next week | 1.14 | $400.00 | $456.00 |
| Service | 02/23/2019 - General case work / Sonja Kerr: Review of due process hearing request, school's response, significant pleadings and SEHO orders (1.7). | 1.70 | $400.00 | $680.00 |
| Service | 02/23/2019 - General case work / Sonja Kerr: Review of Report by Dr. Lachajewski (.8) (10 page report, single spaced). | 0.80 | $400.00 | $320.00 |
| Service | 02/25/2019 - Witness Preparation / Sonja Kerr: Phone call with Dr. Melissa L to prep for testimony (.3) | 0.30 | $400.00 | $120.00 |
| Service | 02/25/2019 - Witness Preparation / Sonja Kerr: Review of call with Client CW (.2) | 0.20 | $400.00 | $80.00 |
| Service | 02/25/2019 - General case work / Sonja Kerr: Review of Petitioner's exhibits with CM | 0.74 | $400.00 | $296.00 |
| Service | 02/25/2019 - Witness Preparation / Sonja Kerr: Phone call with Jennifer Horn regarding testimony tomorrow (.6) | 0.60 | $400.00 | $240.00 |

| | | | | |
|---|---|---|---|---|
| Service | additional questions and documents, review of additional witnesses, writing additional questions, meeting with family 5.4 | | $400.00 | $1,593.00 |
| Service | 02/26/2019 - General case work / Sonja Kerr: Review of District's Response to request for Due Process and 2019 Proposed IEP in preparation for hearing resumption today | 0.78 | $400.00 | $312.00 |
| Service | 02/26/2019 - General case work / Sonja Kerr: Review of section D of Districts exhibits | 0.80 | $400.00 | $320.00 |
| Service | 02/26/2019 - Court or hearing / Sonja Kerr: 10:00 am to 6:00 hearing<br>One hour working lunch | 8.00 | $400.00 | $3,200.00 |
| Service | 02/26/2019 - Court or hearing / Catherine Michael: Due Process Hearing Preparation 1.1, Due Process Hearing 10:00 - 6:30 | 9.70 | $295.00 | $2,861.50 |
| Service | 02/27/2019 - General case work / Sonja Kerr: Prior to hearing spoke with MC and SS in the kitchen at the hearing site. Provided med list just received and additional discipline information we may use. Asked if they wanted to stipulate to all exhibits of each side to move things along. MC declined, stating too far along in the hearing and that TEA said SEHOs have to offer 1 by 1. I offered to stipulate to just theirs and she said no again. (.1) (prior to 8:44 a.m.) | 0.10 | $400.00 | $40.00 |
| Service | 02/27/2019 - Court or hearing / Sonja Kerr: In hearing, witness Laffoon continues (MC) | 4.42 | $400.00 | $1,768.00 |
| Service | 02/27/2019 - Court or hearing / Sonja Kerr: Parents call Dad, mom and district calls Stephanie Hicks and end at 6:30 | 3.00 | $400.00 | $1,200.00 |
| Service | 02/27/2019 - Court or hearing / Catherine Michael: Due Process Hearing 10.0, preparation for next day of hearing and review of notes 1.2 | 11.20 | $295.00 | $3,304.00 |
| Service | 02/28/2019 - Court or hearing / Sonja Kerr: Attendance at hearing 8:30 a.m. – 6:30 p.m. with one hour working lunch (10.0) | 10.00 | $400.00 | $4,000.00 |
| Service | 02/28/2019 - Court or hearing / Catherine Michael: Due Process Hearing 9.9, Preparation for next day of hearing 2.2 | 12.10 | $295.00 | $3,569.50 |
| Service | 03/01/2019 - Court or hearing / Sonja Kerr: From 8:30 -11:00 (2.5 hours) (Ms. Shrader, | 2.50 | $400.00 | $1,000.00 |
| Service | 03/01/2019 - Court or hearing / Sonja Kerr | 5.89 | $400.00 | $2,356.00 |
| Service | 03/01/2019 - Court or hearing / Catherine Michael: Due Process Hearing 8:30 - 5:00 | 8.50 | $295.00 | $2,507.50 |
| Service | 03/02/2019 - Court or hearing / Sonja Kerr: Travel back from Indiana (left at 6 a.m., flight from Indy, to Houston, and then to Austin) (arrival in Texas at 3:30 p.m.) (1/2 cost per Texas tradition (10 hours = 5 hours) | 5.00 | $400.00 | $2,000.00 |
| Service | 03/04/2019 - General case work / Catherine Michael: Review of notes regarding testimony and documents from hearing for closing brief, findings of fact and proposed order 4.2 | 4.20 | $295.00 | $1,239.00 |
| Service | 03/05/2019 - General case work / Catherine Michael: Drafting initial closing 5.2 | 5.20 | $295.00 | $1,534.00 |
| Service | 03/06/2019 - Drafting / Sonja Kerr: Reviewed latest draft of IEP that CMM shared with me and left on CMM's computer desktop (1.1) | 1.10 | $400.00 | $440.00 |
| Service | 03/06/2019 - General case work / Catherine Michael: Work on closing brief and review 3.9 | 3.90 | $295.00 | $1,150.50 |
| Service | 03/07/2019 - Drafting / Sonja Kerr: Review of latest version of closing argument inserting 7th circuit cases and comments from TB (.8) | 0.80 | $400.00 | $320.00 |
| Service | 03/07/2019 - General case work / Sonja Kerr: Review of District's email about extension of time due to health of Slone's father, review of their motion and SEHO's extension of time for submission of post hearing brief to 3/22/19 (.3) | 0.30 | $400.00 | $120.00 |
| Service | 03/07/2019 - General case work / Catherine Michael: Call with parents .5, work on brief 1.9 | 2.40 | $295.00 | $708.00 |
| Service | 03/10/2019 - General case work / Catherine Michael: Review of transcripts in case and email to Sonja and Tom re additions to closing brief 2.9 | 2.90 | $295.00 | $855.50 |
| Service | 03/13/2019 - Conference with other HZ counsel or staff / Catherine Michael: Review of new transcripts and email to Sonja and Tom regarding additions to brief 1.5 | 1.50 | $295.00 | $442.50 |
| Service | 03/20/2019 - Drafting / Sonja Kerr: Review and revision of Petitioner's post-hearing brief v.4 (through page 15) (3.5) | 3.50 | $400.00 | $1,400.00 |
| Service | 03/20/2019 - General case work / Catherine Michael: Review of transcripts for case and emails to Sonja and Tom regarding additions for brief | 4.70 | $295.00 | $1,386.50 |
| Service | 03/21/2019 - Drafting / Sonja Kerr: Continued revision of version 4 of brief, including legal research (pages 15-forward) | 2.88 | $400.00 | $1,152.00 |
| Service | 03/21/2019 - General case work / Catherine Michael: Email with Wheeler family regarding draft and information .4 | 0.40 | $295.00 | $118.00 |
| Service | 03/31/2019 - General case work / Sonja Kerr: Review of hearing officers decision (.6) | 0.60 | $400.00 | $240.00 |
| Service | 04/01/2019 - General case work / Catherine Michael: Phone call with parent following the due process decision 1.1 | 1.10 | $295.00 | $324.50 |

| | | | | |
|---|---|---|---|---|
| Service | 04/08/2019 - General case work / Catherine Michael: Phone call with parents about current programming and issues confer | | | $147.50 |
| Service | 04/08/2019 - Correspondence / Sonja Kerr: Review of letter about settling fees (.2) | 0.20 | $400.00 | $80.00 |
| Service | 04/09/2019 - General case work / Catherine Michael: Call with client regarding current programming and issues | 0.60 | $295.00 | $177.00 |
| Service | 04/11/2019 - I-Champ Filed Pleadings Review / Sonja Kerr: Review of OC's April 11th motion seeking clarification on orders from SEHO Dilk (.3) | 0.30 | $400.00 | $120.00 |
| Service | 04/12/2019 - Telephone call / Sonja Kerr: Call and email with Courtney regarding 1/2 day suspension notice and status of school success at this time in order to send letter to Conrad on implementation issues (.3) | 0.30 | $400.00 | $120.00 |
| Service | 04/12/2019 - Email / Sonja Kerr: Called and sent email to Ben about joining case (.1) | 0.10 | $400.00 | $40.00 |
| Service | 04/15/2019 - Legal Research / Sonja Kerr: Legal research in sped connection in regard to School's Motion for Clarification of Final Orders (.7) | 0.70 | $400.00 | $280.00 |
| Service | 04/16/2019 - Legal Research / Sonja Kerr: Review of IDOE Hearing Procedures Manual section cited by School in Motion for clarification of final orders and OSEP 2013 memo (.4) | 0.40 | $400.00 | $160.00 |
| Service | 04/16/2019 - Drafting / Sonja Kerr: Drafting response to School's motion for clarification of final orders | 2.22 | $400.00 | $888.00 |
| Service | 04/16/2019 - Drafting / Sonja Kerr: Final proofread and review before sending to CM, TB, and SC and filing in ICHAMP (.5) | 0.50 | $400.00 | $200.00 |
| Service | 04/17/2019 - General case work / Catherine Michael: Review of IHOs order and phone call with Courtney .5 | 0.50 | $295.00 | $147.50 |
| Service | 04/19/2019 - General case work / Catherine Michael: Review of letter from Monica Conrad .2 | 0.20 | $295.00 | $59.00 |
| Service | 04/22/2019 - Drafting / Sonja Kerr: Review of settlement letter with invoices to send to OC (.1) | 0.10 | $400.00 | $40.00 |
| Service | 04/23/2019 - Drafting / Sonja Kerr: Review of first version of federal complaint drafted by Tom B (.l4) | 0.40 | $400.00 | $160.00 |
| Service | 04/24/2019 - Settlement emails, correspondence or discussions / Sonja Kerr: Review of School's settlement letter w respect to fees only and review of cases cited in same as far as fees and 7th circuit fee cases in IDELR database only (.9) | 0.90 | $400.00 | $360.00 |
| Service | 04/24/2019 - Legal Research / Sonja Kerr: Email and research on issue of partial success and send revision on complaint (1.6) | 1.60 | $400.00 | $640.00 |
| Service | 04/25/2019 - Drafting / Ben Hinerfeld: Review and revise fee complaint; research 7th Cir statute of limitations and mandatory claims | 1.67 | $325.00 | $542.75 |
| Service | 04/25/2019 - Drafting / Sonja Kerr: Review of edits by Ben H on fee complaint (.3) | 0.20 | $400.00 | $80.00 |
| Service | 04/25/2019 - Drafting / Sonja Kerr: Draft affidavit for attorneys' fees and review CMMs affidavit on fees (1.7) | 1.70 | $400.00 | $680.00 |
| Service | 04/26/2019 - Drafting / Sonja Kerr: Finalize SDK declaration (.2) | 0.20 | $400.00 | $80.00 |
| Product | 01/29/2019 - Other / Catherine Michael: Pat Howey research and correct citations, document review, assistance with documents 8.1 | 1.00 | $769.50 | $769.50 |
| Product | 02/02/2019 - Other / Catherine Michael: Paralegal Service Pat Howey 10 hours x 95.00 = 950.00 | 1.00 | $950.00 | $950.00 |
| Product | 02/05/2019 - Other / Catherine Michael: Paralegal Services Pat Howey $95.00 per hour 10 hours = $950.00 | 1.00 | $950.00 | $950.00 |
| Product | 02/06/2019 - Other / Catherine Michael: Paralegal Service Pat Howey 10 hours x 95.00 = 950.00 | 1.00 | $950.00 | $950.00 |
| Product | 02/07/2019 - Other / Catherine Michael: Paralegal Service Pat Howey 10 hours x 95.00 = 950.00 | 1.00 | $950.00 | $950.00 |
| Product | 02/26/2019 - Other / Catherine Michael: Pat Howey - Paralegal services - Assisting during hearing 8.0 | 1.00 | $760.00 | $760.00 |
| Product | 02/27/2019 - Other / Catherine Michael: Pat Howey Paralegal Services - Assisting during Hearing 8.0 x 95.00 per hour | 1.00 | $760.00 | $760.00 |
| Product | 02/27/2019 - Other / Catherine Michael: Pat Howey Assisting During Hearing 7.2 hours x 95 = $648 | 1.00 | $648.00 | $648.00 |
| Product | 02/28/2019 - Other / Catherine Michael: Pat Howey - scanning and identifying documents, review of exhibit lists and entered exhibits, typing of notes and other materials in preparation for week two of hearing 7.2 x 95.00 per hour | 1.00 | $684.00 | $684.00 |
| Product | 03/01/2019 - Other / Catherine Michael: Pat Howey Paralegal Services, Assisting During Hearing 8.2 x 95.00 | 1.00 | $779.00 | $779.00 |

| | |
|---|---|
| **Amount Due** | **$134,287.75** |

**SONJA D. KERR**
**8910 Mariscal Canyon Drive, Austin Texas 78731**
**Phone: 610-675-7192**

**Education:**     **Indiana University School of Law, Indpls., IN**
May 1987 Graduate, Dean's List, Order of Barristers, Associate Justice Moot Court
Society, Jessup International Law Moot Court Competition 1986, 1987
<u>Senior Thesis</u>: *Crisis in the Nursery: The Rationing of Medical Care and the Selective
Non-Treatment of Handicapped Persons.*

**Purdue University, Indpls., IN**
M.S. in Counseling Psychology. Honors Graduate 1984.
<u>Published Thesis</u>: *Community-Based Employment for Young Adults with Disabilities*

**Northwest Nazarene University, Nampa, ID**
Summa Cum Laude graduate, B.A. Psychology, June 1980. Editor of College
Newspaper, Varsity Tennis Player, Member Counsel for Exceptional Children

**Licenses:**     Admitted to practice Texas, 2015; Admitted W. District of Texas 2016; E.District, S.
District and Northern District, 2016; Admitted to practice Pennsylvania, 2009; Admitted
Federal District and Third Circuit 2010. Admitted to practice Alaska, 2004 (state, Federal
and Ninth Circuit). Admitted to practice, Minnesota 1987 (presently voluntarily
nonactive). Admitted to practice Indiana 1987. Admitted Northern District Indiana.
Admitted U.S. Supreme Court, 3rd, 5th, 8th, and 9th Circuit Courts of Appeals, and other
courts and jurisdictions, including Wisconsin, Nebraska, Michigan, Louisiana, and
Mississippi, *pro hace vice.*

**Employment:**
**Hollingsworth & Zivitz, P.C. (April 2018- Current)**

Representation of children with disabilities and their parents in litigation in multiple
jurisdictions of Indiana, Texas and at various levels including due process, federal court
and appellate work.

**Cuddy Law Firm (January 2016 – March 2018)**
Director of Impact Litigation

Representation of children with disabilities and their parents in impact litigation on
special education matters in firm that is in process of expanding to national firm. Training
and supervision of other attorneys. Oversight of development of process for review of
impact litigation requests and representation of same.

**The Public Interest Law Center of Philadelphia (March 2009 – January 2016)**
Director, Disability Rights Project

Unique and cutting edge case law concerning the representation of children with
disabilities and their parents in both class actions and individual matters concerning
special education services, English Language learning programs and education matters,
primarily in the Philadelphia School District and surrounding areas. Supervision of
other attorneys, pro-bono associates, law school interns and other attorneys. Responsible
for year-long training program in special education issues. Development of the



**Exhibit**
2

Philadelphia Project, a structured active *pro bono* project with various local firms. Consistent writing on related topics for press and law reviews.

**Kerr Law Office, Anchorage Alaska (September 2006 – March 2009)**
Establishment of first private practice firm in Alaska devoted to representation of children with disabilities, including meetings, administrative hearings, state and federal courts.

**Alaska Legal Services Corp., Anchorage Alaska (September 2006-July 2008)**
General senior litigation staff attorney with focus on disability matters.

**Disability Law Center of Alaska, Anchorage, AK (June 2004 – September 2006)**
Supervising attorney with responsibilities for six attorneys and seven advocates in multiple locations. Litigation caseload for IDEA, Medicaid and ADA cases, both individual and systemic. First IDEA fees case in state and federal court.

**Kerr Law Office, Inver Grove Heights, MN (1989 – 2004)**
Founded first private law firm in state dedicated to representation of persons with disabilities. Filed first Americans with Disabilities Act case in U.S. Primary practice in special education matters, some county services, juvenile matters, and disability discrimination. Practice was part-time from 1989-1991.

**Minnesota Department of Revenue, St. Paul, MN (1989 – 1991)**
In-house staff attorney providing legal opinions, legislative drafting and testimony, representation in administrative proceedings in property tax, collection of delinquent taxes and related.

**Legal Advocacy - Persons with Developmental Disabilities, Mpls., MN (1988-1989)**
Representation of children and adults in administrative proceedings to secure educational services and county benefits.

**West Publishing Company, St. Paul, MN (1987-1989)**
Legal editor responsible for case analysis, note writing, statutory research and interpretations.

**Marion County Prosecutor's Office, Indpls., IN (1984-1987)**
Held variety of administrative and intern positions while in law school.

**United Cerebral Palsy of Indiana, Indpls., IN (1983-1984)**
Case coordinator and social worker for adults with cerebral palsy while in graduate school.

**Janus Developmental Services, Noblesville, IN (1981-1983)**
Job Placement Specialist/Community Training Coordinator for young adults with developmental disabilities.

**Professional Associations:**

Council of Parent Attorneys and Advocates (COPAA) (Eight years, Chair, Board Member, continuing Committee Member)
Education Subcommittee of DLSC – Philadelphia Bar.

Alaska Bar Association, Member Lawyer's Assistance Committee (2004-2009)
Minnesota Tourette's Syndrome Association Advisory Board (1991)
International Orton Dyslexia Association
Decoding Dyslexia

**Publications:**

*Mediation in Special Education,* University of Pennsylvania Law School, Journal of Law and Social Policy, 2012 (Kerr, St. Hill).

*The Role of the Independent Neuropsychologist in Special Education*, Clinical Neuropsychology, 2011 Jan. 1: 1-17 (Hurewitz, F., Kerr, S.)

*Pro Se Parents*, Alaska Law Review (2009).

Children with Tourette's Syndrome: A Parent's Guide, Woodbine Press, Chapter Eight: Legal Rights and Remedies (2007, and 1992 Editions)

Wrightslaw (2006 Revision): Peer Review Editor of Chapters.

Special Education Law: Forms and Samples, Copyright 1997, Kerr Law Office for International Dyslexia Association

*Welbes v. Wisconsin*, Form II-05, Title II/Section 504/ADA, published in Litigation ADA Claims, Forms, Pleadings, Thomas D'Agostino, LRP Publications, 1996.

*Community Based Employment for Young Adults with Disabilities*, Job Placement (1984).

**Presentations:**

Numerous presentations including:

Council of Parent Attorneys and Advocates (COPAA) National Conferences: 2017, 2016, 2014, 2013, 2012, 2010, 2009, 2008, 2006, 2005, 2004, 2003, 2002, 2001, 2000).

First Annual Texas Attorneys' Gathering (Galveston, 2017)
Second Annual Texas Attorneys' Gathering (Galveston 2018)

Human Rights Day, University of Saskatchewan (February 2016)
Rio Grande Valley Outreach Team Mario (July 2016)

Pennsylvania Bar Institute:
    \*Legal Services Day (2015)
    \*Autism: Fitting the Pieces Together (2013)
    \*School Law (2013)
    \*A Guide to Section 504 (2011)
    \*Voucher Programs (2011)
Autism Speaks (2012)
Delaware Valley Psychologist (April 2013)
Annual Pennsylvania Special Education Conference (2009)
Alaska Statewide Special Education Conference (2006, 2005)
Alaska Public Defenders Conference (2005)
Alaska Autism Conference (2005)

Hawaiian Autism Society (2005)
First Annual Northern Indiana Conference (2004)
International Dyslexia Conference (2013, 1997)

**Other:**     Webinar Presenter- COPAA (2018)
Adjunct Professor – Special Education Law Seminar – Drexel University – (2009-10)
Guest Speaker – Drexel (2013, 2009)
Guest Speaker – George Washington University (2012)
Guest Speaker – Temple University Graduate Education Class (2014)

**Honors/Awards**: 2019 Diane Lipton Award – COPAA (to be awarded March 2019 Conference).

## LIST OF SOME SIGNIFICANT CASES – SONJA D. KERR

### CLASS ACTIONS:

**T.R. v. School District of Philadelphia,** 116 LRP 50239, Civil File No. 15-4782, 2016 WL 6994973, 7028051, (E.D. 2016)[1] Court denied district's motion to dismiss case alleging that Limited English Parents were being denied IEPs and other procedural documents in their native language, claims based on IDEA, EEOA and Title VI.

**Y.S. v. School District of Philadelphia,** (E.D. 2013, Settled 2015): Reopening of decades old consent decree to ensure translation and interpretation services, and services to English Language Learners.

**Blunt v. Lower Merion School District,** 826 F. Supp. 2d 749, (E.D. 2012), affirmed 767 F. 3d 247 (3rd Cir. 2014): Third Circuit affirmed summary judgment in favor of district in case involving disproportionate placement of African American students in special education and related Title VI claims.

**Chester Upland School District v. Commonwealth,** 861 F. Supp. 2d 492, 58 IDELR 191, 58 IDELR 246, 58 IDELR 249, 58 IDELR 276, 59 IDELR 154, 59 IDELR 12 (E.D. Pa. 2012): Successful class action and settlement providing $9 million in special education funding for small poor school district, with state oversight, and compensatory education for individual children without necessity of individual due process hearings.

**P.V. v. School District of Philadelphia,** 57 IDELR 253, 58 IDELR 160, 60 IDELR 184, 60 IDELR 185, 289 F.R.D. 227, 2013 WL 618540, (E.D. Pa. 2013): Following two successful administrative hearings, IDEA class action brought on behalf of some 1800 students with autism (K-8) in the district to stop districtwide "autism shuffle"-moving children without notice or IEP meetings. Court denied motion to dismiss, granted class certification and granted motion for summary judgment for plaintiffs, in part. Subsequently, a settlement was reached and approved.

**Students v. Matanuska Susitna School District** (Superior Court, Alaska 2006): Class action and settlement on behalf of students with disabilities for deprivation of individual determination of Extended School Year services.

**Students v. Anchorage School District** (District Court, Alaska 2005): Class action and settlement to stop use of "45 day" interim alternative placement as expected suspension time for students with disabilities.

**Noon v. Alaska State Board of Education,** 2005 WL 2414994, A04-0057 (District Court Alaska, August 2005): Co-counsel in class action and settlement for failure of state to accommodate children with disabilities on exit exam with widespread relief for changes in exit exam procedures for students with disabilities; order on briefing about fees; fees later awarded.

---

[1] Ms. Kerr represented the parents at due process, and was counsel on the case as it was filed in federal court prior to leaving the Law Center in January of 2016.

Exhibit

3

**Reinholdson v. Anoka School District,** 346 F. 3d 847 (8th Circuit 2003): Class action on behalf of students with disabilities for widespread denial of FAPE in district. Eighth Circuit reversal of district court's severance of case into individual claims. Individual claims settled or resolved thereafter.

## INDIVIDUAL CASES – CIRCUIT COURTS:

**Caldwell v. Independent School District,** 551 F. App'x. 140, 62 IDELR 192, (5th Cir. 2014): Oral argument only in case before circuit court regarding district's appeal of Western District of Texas court's finding that child with vision and other problems was denied a FAPE and parent denied participation by superintendent's wrongful intrusion on IEP team process. Court affirmed district court order by Judge Sparks in favor of student.

**Durrell v. Lower Merion School District,** 64 IDELR 32, 61 IDELR 271, 729 F.3d 248, (3rd Cir. 2013): Established right to bring claim of misidentification for special education under Section 504, with court concluding racial animus not required though finding for district.

**Anchorage School District v. M. P.,** 59 IDELR 91, 689 F.3d 1047, (9th Cir. 2012): Case established that district's failure to update child's IEP, notwithstanding child's right to "stay put" placement during litigation, deprived child of a FAPE, and child's lack of progress due to same could not be blamed on parent.

**Hale v. Poplar Bluff,** 36 IDELR 61, 280 F.3d 831, (8th Cir. 2002): Appellate court affirmance of injunctive relief for services necessary at home as "stay put" for child with serious medical illness in case arising out of the E.D. of Missouri.

**E.S. v. Independent School District No. 196,** 27 IDELR 503, 135 F. 3d 566 (8th Cir. 1998): Appellate court affirms ruling of hearing officer, noting that burden of proof on appeal is on party seeking to change administrative decision. In a footnote, Court recognizes Orton-Gillingham as a method to teach children with dyslexia.

## INDIVIDUAL CASES - FEDERAL COURT:

**Melanie B. v. Georgetown Independent School District, 2018 U.S. Dist. LEXIS 72977 (W.D. 2018)** Court sustained hearing officer decision of private placement at Fusion Academy, and awarded fees, determining $400.00 per hour for SKerr was reasonable. Case now on appeal to Fifth Circuit.

**Spring Branch Independent School District v. O.W., 72 IDELR 11(S.D. Tx. 2018).** Court sustained hearing officer decision that school district failed to timely identify child and failed to implement IEP, and affirmed award of private school reimbursement and placement. Case now on appeal to Fifth Circuit.

**Lisa M. v. Leander Independent School District, 72 IDELR 25 (W.D. Tx 2018)**
Court sustained hearing officer decision that school district wrongly rescinded child's eligibility for special education after parent complained about IEP. Case now on appeal to Fifth Circuit.

**School District of Philadelphia v. Drummond,** 67 IDELR 170, 2016 WL 144581 (E.D. Pa. 2016): Federal Court upholds hearing officer's order to provide 1:1 nursing services to child with significant disabilities, reverses hearing officer on determination that FAPE otherwise provided and orders independent educational evaluation.

**School District of Philadelphia v. Kimberly Williams for C.H.,** 66 IDELR 214 (E.D. Pa. 2015): Federal Court upholds hearing officer award of compensatory education and order of improved speech and language services for high school student with autism, where district failed to provide 1:1 aide and assistive technology as required by student's IEP. In related opinion at 67 IDELR 120, 2016 WL 877841, fees awarded to Kerr at $450.00 per hour.

**I.W. v. School District of Philadelphia,** 67 IDELR 14, 2016 WL 147148, 147149, (E.D. Pa. 2016) Federal court awards fees to Kerr $600.00 per hour based Legal Services schedule.
**M.M. v. School District of Philadelphia,** 59 IDELR 78, Civil Case 11-4482, (E.D. Pa. 2012) Federal court awards fees to Kerr at rate of $375.00 per hour.

**Lyons v. Lower Merion School District,** Civil Case No. 2:09-cv-05576, 2010 WL 8913276, (E.D. Pa 2010) Federal district court remands to hearing officer for due process hearing, granting parents' right to have a hearing on whether child needed an Independent Educational Evaluation, and finding parents prevailing parties for purposes of attorneys' fees as hearing officer had erroneously denied family a hearing.

**I.K. v. Haverford Township School District,** (E.D. PA 2010) Federal district court reverses hearing officer's refusal to hear claim under IDEA as to whether or not child was entitled to special education hearing on issue of whether parties had entered into a settlement.

**Anchorage School District v. D.S.,** 688 F. Supp. 2d. 883, 2009 U.S. Dist. LEXIS 125917, (Federal Court Alaska, 2009): Federal district court sustained finding of hearing officer that elementary school child with autism and cerebral palsy was entitled to an intensive home based program in ABA by a private provider, and that his parents were entitled to in excess of $89,000 in reimbursement for the program in prior years. The Court also held that the HO did not err in finding that a one year statute of limitations did not apply because the parents were given misinformation about it. Fees awarded in subsequent order at 54 IDELR 97, and 110 LRP 11938 (fees on fees).

**Anchorage School District v. D.K.,** 54 IDELR 28, 3:08-cv-0031, (Federal Court Alaska, 2009) Federal district court awarded majority of private school tuition reimbursement to family of child with significant dyslexia/dyspraxia for failure to provide child a free appropriate public education, and fees later resolved.

**Matanuska-Susitna Borough School District v. D.Y.,** 2010 U.S. Dist. LEXIS 17174, 54 IDELR 52, (Federal Court Alaska, 2010) Federal district court sustained hearing officer's award of $50,000 in compensatory education services to student with severe autism for district's failure to educate child in the least restrictive environment, notwithstanding finding that child otherwise received an appropriate program

**M.O. v. Duneland, State of Indiana,** 53 IDELR 182, (N.D. Indiana 2009): Lawsuit concerning failure to properly identify and provide services and for lack of fair hearing system. Motion to dismiss denied in part, and later dismissed as moot.

**Winters v. Chugiak Senior Center** (Federal Court Alaska 2007): State court injunction filed to prevent removal of elderly individual with multiple disabilities from Assisted Living Home; defendants removed to federal court. Settled after case returned to state court.

**H.H. v. Indiana Board of Special Education Appeals,** 47 IDELR 250, 501 F. Supp. 2d 1188 (N.D. Indiana 2007), later ruling at 50 IDELR 34 (2008): Complaint for declaratory relief, reimbursement filed against state agency for failure to ensure continuum of services model in state and impartial hearing officer. State's motion to dismiss denied in part.

**Disability Law Center of Alaska, v. Alaska Psychiatric Institute,** (District Court Alaska 2006): Federal Court ordered state agency to turn over all evidence related to suspected abuse of individual released in naked condition, including videotapes, and denied protective order prohibiting DLC from releasing names of doctors authorizing release. Case dismissed with agreement to monitor discharge of individuals and develop better discharge planning, rather than just to homeless shelter and small payment of attorneys' fees.

**N.S. v. Anchorage School District,** (District Court Alaska 2006): Federal Court establishing right to attorneys' fees for representation of child with disability at special education hearing.

**School Board of ISD 11 v. Pachl,** 38 IDELR 123, (D. MN, Dec. 2002): Federal court award in excess of $44,000.00 in attorneys' fees and costs to parents as prevailing party on assistive technology case.

**School Board of ISD 11 v. Pachl,** 36 IDELR 263, (D. MN May 2002): Federal court ruling establishing student with disability's right to assistive technology evaluation and augmentative communication device independent of "parental vigilance."

**Brantley v. ISD No. 625,** 26 IDELR 839, 841, (D. MN 1997): Federal court requires district to provide two additional years of educational services for two years of inadequate schooling.

**Moubry v. ISD No. 696,** 24 IDELR 119, (D. MN 1996): Federal court ruling denying motion to dismiss state defendant of education, holding that same could be responsible for denial of a free appropriate public education to one individual student.

**Hill v. Laurel School District,** 22 IDELR 489, (D. S. Mississippi 1995): Federal court ruling denying motion to dismiss state defendant of education and holding that same could be held responsible for the denial of a free appropriate public education to one individual student.

**Moye v. Special School District No. 6,** 22 IDELR 852 (D. MN 1995): Federal court ruling permitting inclusion expert evidence at federal court level since ADA claim could not be heard by IDEA hearing officer.

**J.B. v. ISD No. 191,** 21 IDELR 1157 (D. MN 1995): Federal court ruling establishing the right of a student previously classified as a special education student to return to school instead of being expelled. Used as basis for development of expedited hearing process in IDEA 1997.

**Edwards v. Fremont Public Schools,** 21 IDELR 903 (D. Nebraska 1994): Successful sanction of Nebraska attorney general for improperly bringing defense of immunity in IDEA case.

**INDIVIDUAL CASES - STATE COURT:**

**Osbakken v. Iliamna Services (Superior Court Alaska):** Complaint for injunctive and declaratory relief filed on behalf of two individuals against their Social Security representative payee; stipulation in lieu of TRO reached.

**State v. C.O. (Superior Court Alaska):** Dismissal of all juvenile court charges emanating from referrals by school district during time parent was disputing special education services for fourteen year old student with undiagnosed expressive/receptive language disorder.

**M.P. v. Anchorage School District,** 58 IDELR 17, 265 P.3d 308, (Alaska Supreme Court, 2011): Upholding finding, in part, that school district denied child a FAPE by denying adequate prior written notice to his parent before moving him from regular education setting to special education setting.

**J.P. and L.P. ex rel P.P. v. Anchorage School District,** 57 IDELR 169, 260 P.3d 285, (Alaska Supreme Court 2011): Upholding finding that parent of unidentified student entitled to reimbursement for evaluation for determining if child was eligible special education student.

**Sitka Sch. Dist. v. Parents of C.I.R.,** 45 IDELR 224, (AK Superior Court 2007) Gifted child with epilepsy denied an appropriate education and entitled to private school out of state was entitled to the program while the school district appealed the hearing officer's decision.

**Anchorage Sch. Dist. v. M.P.,** 45 IDELR 253, (AK Superior Court, 2006). ASD denied child with autism a free appropriate public education when its teachers and staff did not implement his IEP. Fees in excess of $23,000 awarded.

**E.N. v. Special School District No. 1,** 603 N.W.2d 344, (MN Court of Appeals 1999) and companion case, **Special School District No. 1, v. E.N.,** 620 N.W. 2d 65, (MN Court of Appeals 2000): Holding that hearing review officer had certain jurisdictional powers and separate holding that child was entitled to stay in program while parties disputed program in court.

**H.M. v. Minneapolis Public Schools,** C7-95-2204, (MN Court of Appeals, 1996): Finding that child was entitled to stay in placement during parties' negotiations.

**INDIVIDUAL CASES - ADMINISTRATIVE RULINGS:**

**A.G. v. Northside Independent School District,** Dkt. No. 312-SE-0716, (Texas, HO Berger,

December, 2016): Hearing Officer finds district denied child with autism, and other disabilities a free appropriate public education, including failure to evaluate for CAPD, and to have IEP with accurate present levels of performance, measureable goals and objectives and to provide parent progress reports, denial of sufficient speech and language services, and assistive technology and ESY; ordered payment for private tutoring forward for 15 months (value $18,000), compensatory education, improved program, and $30,000 in reimbursement to parents.

**J.M. v. Leander Independent School District,** Dkt. No. 067-SE-0516, 116 LRP 43034, (Texas, HO Broyles, August, 2016) (District's Appeal pending): Hearing Officer concludes child with ADHD and DCD is eligible for special education, orders reinstatement of IEP and awards compensatory education.

**O.W. v. Spring Branch Independent School District,** Dkt. No. 068-SE-1015, 116 LRP 40083, (Texas, HO Cloninger, August 2016) (District's Appeal pending): Hearing Officer finds denial of a FAPE, and awards reimbursement and prospective placement through reimbursement to gifted student with disabilities to enable continued placement at Fusion Academy that provides 1:1 instruction to student.

**T.M. v. Riesel Independent School District,** Dkt. No. 102 SE-1115, 116 LRP 28346 (Texas, HO Carmichael, May 2016) (District's Appeal pending): Hearing Officer finds denial of FAPE and orders district to provide high school student with 1:1 dyslexia instruction for 45 minutes per day, and orders compensatory education.

**C.H. (II) v. School District of Philadelphia,** ODR #14530/13-14KE, 114 LRP 37532, (Pennsylvania, HO Valentini, August 2014): Finding that district's use of a "distributed practice" model of speech and language insufficient, order of more speech therapy services, iPad and training for staff, and compensatory education for deprivation of speech, iPad, 1:1 allowing compensatory education at discretion of parent for art lessons and gym or fitness center as well as speech therapy.

**I.W. v. School District of Philadelphia,** ODR # 13887-1213AS, 114 LRP 25074, (Pennsylvania, HO Carroll, March, 2014): Finding that district deprived high schooler with severe dyslexia and language disorder with appropriate programming in private school for five years, HO ordered 2 private IEEs, and that District "immediately" provide intensive Orton Gillingham services to child in reading and other subjects.

**A.H. v. School District of Philadelphia,** ODR # 14487-1314KE, 114 LRP 17099, 12 ECLPR 5, (Pennsylvania, HO Ford, March 2014): Concluding that the District could not show its one full-time nurse for a large elementary school could assist a child with significant health issues in an emergency, a HO ordered the District to provide the child a full-time 1:1 nurse.

**C.H. (I) v. School District of Philadelphia,** ODR # 14056-1213KE, (Pennsylvania, HO McElligott, November, 2013): HO found that high schooler with autism was denied appropriate ESY, speech and language services and otherwise denied a FAPE and ordered compensatory education.

**R.C. v. Lower Merion School District**, ODR #01784-1011KE, 111 LRP 56843, (Pennsylvania HO Skidmore, August 2011): Holding that school district denied middle school child a FAPE in the regular education classroom by not providing appropriate supports and services and awarding compensatory education.

**P.V. v. School District of Philadelphia**, ODR # 01541-1011 (Pennsylvania, HO Ford, April 2011)**; M.M. v. School District of Philadelphia,** ODR # 01539-1011(Pennsylvania, HO Ford, April 2011): Holding that district must provide two children with autism with about two years of compensatory education each for various violations of the IDEA.

**C.H. v. Lower Merion School District**, ODR # 9199/0809LS, 109 LRP 53278, (Pennsylvania, HO Valentini, 2009): Holding that school district denied high school student appropriate services in reading, and math and awarding compensatory education in the form of private tutoring for 2.5 years.

**G.J. v. Lower Merion School District,** ODR #01083-0910AS, and ODR #01367-1011AS, 111 LRP 34160, (Pennsylvania, HO Satriale 2011): Finding that district denied high school student a free appropriate public education by failing to provide Extended School Year for two summers, awarding compensatory education and also awarding payment for Independent Educational Evaluation.

**C.O. v. Southwest Regional School District,** AK 11-02, 112 LRP 22779, (Alaska HO Lebo 2011) Finding that district denied high school student with severe language disorder a free appropriate public education, awarding $100,000 in compensatory education bank and requiring district to transport student by plane to nearby village for educational services.

**B.Y. v. Matanuska Susitna Borough School District**, AK 08-16, 109 LRP 22974, (Alaska, HO Lebo, 2009): Holding that school district denied child with autism a FAPE where he was socially isolated from all other students most of the day and awarding $50,000 in compensatory education. Sustained on appeal at 54 IDELR 52, (D. Ak 2010).

**D.K. v. Anchorage School District** (Alaska, HO Seaver, 2009): Holding that school district denied child with dyspraxia and other disabilities a FAPE and awarding reimbursement and payment for private day school. Federal Court reversed in child's favor on appeal, awarding majority of reimbursement for private school at 54 IDELR 28, 2009 U.S. Dist. LEXIS 125319 (D. Ak 2009).

**D.S. v. ASD**, AK 07-09, 51 IDELR 230, (Alaska, HO Cerro, 2008): Holding that school district responsible to reimburse parents of child with autism approximately $85,000 for prior ABA services and responsible for private ABA services forward. Affirmed on appeal, Anchorage School District v. D.S., 54 IDELR 29, 688 F. Supp.2d 883, (D. Ak 2009).

**N.S. v. ASD**, AK 06-18, 107 LRP 57093, (Alaska, HO Katcher, 2006): Holding that school district was responsible for door to door transportation for multiply impaired student who uses wheelchair and finding district policy violated the IDEA. Sustained on appeal at 113 LRP 25331, (D. Ak 2007).

**C.I.R. v. Sitka School District**, AK 05-11, 44 IDELR 288, (Alaska HO Katcher), ordered payment for private school (Eagle Hill Academy) for two years for high school student with epilepsy denied FAPE. On appeal, the Alaska Superior Court ordered stay put for the student, 45 IDELR 224 (2006), and affirmed the hearing officer's decision, 47 IDELR 194 (2007).
**C.S. v. ASD**, 105 LRP 503636, (Alaska HO Cerro, AK 2005): Finding that child was denied free appropriate public education for lack of behavioral planning and other services.

**A.Y. v. ASD**, 105 LRP 50347, (Alaska HO Gallagher, AK 2005): Finding that school district improperly evaluated student who had ADHD, returning student to school after disciplinary matter, and awarding her compensatory education.

**P.K. v. LKSD**, (Alaska HO Lebo, AK 2006): Finding that school district violated child find, awarding child compensatory education and approving new IEP for student never previously identified although in middle school and suffering from developmental disabilities and hearing impairment. School district agreed to pay attorneys' fees and cooperate in joint training of staff.

**G.H. v. Sitka**, AK 05-05, (Alaska HO Lebo, AK 2005): Hearing Officer ordered five independent education evaluations for student with Down Syndrome and related problems.

**Student v. ISD 792**, 30 IDELR 645 (SEA MN, 1999): Disabled student with emotional difficulties returned to school after unlawful suspension and removal.

**Student v. ISD 318,** 24 IDELR 1096 (SEA, MN 1996): Child with autism entitled to specialized applied behavioral analysis therapy. Order that District use parent's ABA expert and develop ABA based program.

**Student v. ISD 283,** 23 IDELR 1172 (SEA, MN 1996): Student with emotional problems entitled to special education services and compensatory education for denial of same, where he was wrongfully suspended and his IEP was deemed inappropriate.

**Student v. Kasson-Mantorville School District**, 22 IDELR 380 (SEA, MN 1994): Family's domestic violence and lack of engagement in learning process did not constitute defense for school district where student with learning disability was denied a free appropriate public education; special education is about what the school must do, not what parents must do.

**In Re Indep. Sch. Dist. No. 283**, 22 IDELR 47 (SEA, MN 1994): Child was denied a free appropriate public education. Hearing Officer awarded compensatory education and ordered state monitoring of school district's entire special education system.